HYMAN L. SLEFKIN *vs.* THE BOARD OF ALDERMEN OF
CENTRAL FALLS *et als.*

DECEMBER 14, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Junk Dealers.   Notice.   Remonstrance.*

By clause 3, Sec. 4, Cap. 1421, Public Laws, 1895, the board of aldermen of
the city of Central Falls is empowered to license "the keeping and dealing in
junk."

General Laws, 1909, Cap. 197, Sec. 2, provides that no license shall be granted
to the keeper of any junk shop in any location not occupied for such purpose
at the time of the application, where remonstrance is made by the owners or
occupants of the greater part of the land within 200 feet of the building.

*Held,* that by implication, notice to such owners or occupants was necessary
before the licensing board could lawfully grant such license.

*(2)   Certiorari.*

On *certiorari,* where it appears that a petition for a junk license was filed
November 6 and granted by the licensing board on the same day, but it
does not appear from the record whether the location was a place not
occupied at that time as a junk shop, or whether any notice of the pendency
of the petition was given, evidence will be received as to the jurisdiction of
the inferior tribunal.

CERTIORARI.   Writ issued and record quashed.

BAKER, J.   This is a petition for a writ of *certiorari*
for the purpose of quashing the record of the action of the
board of aldermen of the city of Central Falls in granting on
November 6, 1916, the petition of one Louis Sandler for a
shop license to buy and sell junk and second-hand articles
at 472 Mill street, in said city.   The writ was issued Novem-
ber 13, made returnable November 20, when the parties in
interest appeared and were heard.

(1)     By clause 3 of Sec. 4 of Chap. 1421 of the Public Laws,
passed in 1895, the board of aldermen of Central Falls is
empowered to license "the keeping and dealing in junk."

The present petitioner urges that under the provisions
of Sec. 2 of Chap. 197 of the General Laws the board of
aldermen had not the authority in the existing circumstances

to grant the before-mentioned license. Said section reads as follows: "Sec. 2. No license shall be granted under this chapter to the keeper of any shop or storehouse for the reception of any junk, old metals, or other second-hand articles, in any location not occupied for such purpose at the time of the application for such license, where the owners or occupants of the greater part of the land within two hundred feet of such building or place shall file with the board, town council, or city council, respectively, having jurisdiction to grant licenses, their objection to the granting of such license."

The petitioner represents that on said November 6 the premises at 472 Mill street were not occupied "for the reception of any junk, old metals, or other second-hand articles," that he at that time was the owner and occupant of land within two hundred feet of said premises, that he was entitled to notice of the pendency of the application for the license, and that no notice whatever was given thereof. He also avers that had notice been given he would have been prepared to present to the board of aldermen the objection of the owners or occupants of the greater part of the land within two hundred feet of said premises to the granting of such license.

While Section 2 does not expressly provide for giving notice, actual or constructive, to the owners or occupants of the land within two hundred feet of the place, for which the license is asked, but which at the time is not occupied for such purpose, we think it clearly does so by implication. If the section is to be effective it is obvious that said "owners or occupants" must have opportunity to file their objection to the granting of the license. To have such opportunity they must be informed of the pendency of the application for the license, and thereafter have a reasonable time for filing objection thereto, if so desired. In our opinion this is the only reasonable construction of the statute, and we therefore hold that notice to such "owners or occupants" is necessary before a licensing board can lawfully grant a

junk license at a location not occupied for such purpose at the time of the application for such license.

The return of the board of aldermen to the writ contains the certification of the records of a meeting of the board held at 8 o'clock on the evening of November 6, 1916, in which appears the following entry, "Junk License Petitions: Louis Sandler, 472 Mill St., Shop License, granted."

The certified copy of the petition of Louis Sandler shows that it was dated November 6, 1916, and that it was filed the same day. From this record it does not appear whether or not 472 Mill street was a place not occupied as a junk shop on November 6, or whether any notice of the pendency of the petition was given, although it might be reasonable to infer that such notice was not given. In *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5, this court held that on *certiorari* it would receive and examine evidence as to the jurisdiction of the inferior tribunal.

The testimony submitted before us shows that 472 Mill street, in Central Falls, was not on November 6, 1916, occupied as a junk shop, that no notice of the pendency of the petition of Louis Sandler for a junk shop license at that place was given to the "owners or occupants" of the land within two hundred feet of said 472 Mill street, and that Hyman L. Slefkin is one of such owners and occupants. In these circumstances the said board of aldermen was therefore without jurisdiction to grant said license to Louis Sandler.

Accordingly it is ordered that the record of said board of aldermen in granting said license on November 6, 1916, at 472 Mill street, Central Falls, be quashed.

*Thomas F. Vance*, for petitioner.

*Brennan & Connolly*, for respondent Sandler.

*Lawrence F. Nolan*, for respondent Board of Aldermen.